IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JANET PECHER, Individually and as Special Administrator for the Estate of URBAN PECHER, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> WEYERHAEUSER COMPANY, *et al.*, <br><br> Defendants. | Case No. 14-cv-147 |

**ANSWER AND DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT ON BEHALF OF DEFENDANT OWENS-ILLINOIS, INC.**

Defendant Owens-Illinois, Inc. ("Owens-Illinois"), as its Answer and Defenses to Plaintiff's Third Amended Complaint, states as follows:

**JURISDICTION AND PARTIES**

1-5. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 1 through 5.

6. Owens-Illinois admits that, in the past, it sold asbestos-containing products such as door cores, pipe insulation, and block, but denies the remaining allegations, as pled in Paragraph 6, or has insufficient information to form a belief as to the truth of the remaining allegations, as pled in Paragraph 6.

7-9. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 7 through 9.

10. Whether jurisdiction is proper is a question of law to be determined by the Court and an improper allegation. To the extent that an answer is deemed to be required, Owens-Illinois admits that it is a Delaware corporation with its principal place of business in Ohio.

Owens-Illinois is without knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 10.

11. To the extent that Paragraph 11 contains allegations against Owens-Illinois, Owens-Illinois denies the allegations set forth in Paragraph 11. To the extent that Paragraph 11 contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

12. Whether venue is proper is a question of law to be determined by the Court and an improper allegation. To the extent that an answer is deemed to be required, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12.

## **GENERAL ALLEGATIONS**

13. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13.

14. To the extent that Paragraph 14 contains allegations against Owens-Illinois, Owens-Illinois denies the allegations set forth in Paragraph 14. To the extent that Paragraph 14 contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

15. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15.

16. To the extent that Paragraph 16 contains allegations against Owens-Illinois, Owens-Illinois denies the allegations set forth in Paragraph 16. To the extent that Paragraph 16

contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

17-19. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 17 through 19.

20. To the extent that Paragraph 20 contains allegations against Owens-Illinois, Owens-Illinois denies the allegations set forth in Paragraph 20. To the extent that Paragraph 20 contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

21-23. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 21 through 23.

## **COMMUNITY EXPOSURES CAUSE MESOTHELIOMA**

24-25. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 24 and 25.

26. Owens-Illinois denies the allegations set forth in Paragraph 26.

27-33. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 27 through 33.

## **PECHER COMMUNITY EXPOSURES**

34-43. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 34 through 43.

### HOUSEHOLD/FAMILY EXPOSURES CAUSE MESOTHELIOMA

44-60. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 44 through 60.

### PECHER HOUSEHOLD AND CHILD EXPOSURES

61. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61.

### URBAN PECHER EMPLOYMENT HISTORY

62. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61.

### COUNT I

63. Owens-Illinois restates its answers to Paragraphs 1 through 62 as its answers to Paragraph 63 of Count I.

64-65. Owens-Illinois admits that, in the past, it sold asbestos-containing products such as door cores, pipe insulation, and block, but denies the remaining allegations, as pled in Paragraphs 64 and 65, or has insufficient information to form a belief as to the truth of the remaining allegations, as pled in Paragraphs 64 and 65.

66-70. Owens-Illinois denies the allegations set forth in Paragraphs 66 through 70.

71. Owens-Illinois admits that, in the past, it sold asbestos-containing products such as door cores, pipe insulation, and block, but denies the remaining allegations, as pled in Paragraph 71.

72-75. Owens-Illinois denies the allegations set forth in Paragraphs 72 through 75.

76-77. To the extent that Paragraphs 76 and 77 contain allegations against Owens-Illinois, Owens-Illinois denies the allegations set forth in Paragraphs 76 an 77. To the extent that

Paragraphs 76 an 77 contain allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

78. Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78.

79-80. To the extent that Paragraphs 79 and 80 contain allegations against Owens-Illinois, Owens-Illinois denies the allegations set forth in Paragraphs 79 and 80 and further states that any duty owed to Plaintiffs is a conclusion of law and an improper allegation and thus no response is required. To the extent a response is deemed to be required, the allegations are denied. To the extent that Paragraphs 79 and 80 contain allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

81. To the extent that Paragraph 81 contains allegations against Owens-Illinois, Owens-Illinois denies the allegations set forth in Paragraph 81. To the extent that Paragraph 81 contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

## COUNT II

82. Owens-Illinois restates its answers to Paragraphs 1 through 81 as its answers to Paragraph 82 of Count II.

83. To the extent that Paragraph 83 contains allegations against Owens-Illinois, Owens-Illinois denies the allegations set forth in Paragraph 83. To the extent that Paragraph 83 contains allegations against entities other than Owens-Illinois, Owens-Illinois is without

knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

84. Owens-Illinois admits that, in the past, it sold asbestos-containing products such as door cores, pipe insulation, and block, but denies the remaining allegations, as pled in Paragraph 84, or has insufficient information to form a belief as to the truth of the remaining allegations, as pled in Paragraph 84.

85-92. Owens-Illinois denies the allegations set forth in Paragraphs 85 through 92.

## COUNT III

Count III is not pled against this Defendant, Owens-Illinois, therefore Owens-Illinois makes no answer thereto. To the extent that Count III contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

## COUNT IV

Count IV is not pled against this Defendant, Owens-Illinois, therefore Owens-Illinois makes no answer thereto. To the extent that Count IV contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

## COUNT V

Count V is not pled against this Defendant, Owens-Illinois, therefore Owens-Illinois makes no answer thereto. To the extent that Count V contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

## COUNT VI

Count VI is not pled against this Defendant, Owens-Illinois, therefore Owens-Illinois makes no answer thereto. To the extent that Count VI contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

## COUNT VII

Count VII is not pled against this Defendant, Owens-Illinois, therefore Owens-Illinois makes no answer thereto. To the extent that Count VII contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

## COUNT VIII

151.    To the extent that Paragraph 151 contains allegations against Owens-Illinois, Owens-Illinois denies the allegations set forth in Paragraph 151. To the extent that Paragraph 151 contains allegations against entities other than Owens-Illinois, Owens-Illinois is without knowledge or information to form a belief as to the truth of the allegations set forth against those entities.

## COUNT IX

152-156. Paragraphs 152 through 156 are questions of law to be determined by the Court and an improper allegations. To the extent that an answer is deemed to be required, the allegations are denied.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Owens-Illinois denies that Plaintiffs is entitled to: judgment against defendants, jointly and severally, for compensatory and general damages; punitive

damages in an amount to be determined against each defendant; a declaration that 1995 Act 17 and 2011 Act 2 are unconstitutional as applied to this case; a declaration that 2013 Act 154 is not applicable to this case, or, in the alternative, that the requirement and restrictions it creates are unconstitutional. Defendant Owens-Illinois further requests that Plaintiffs' claims be dismissed with prejudice and any other relief as the court deems just and proper.

## AFFIRMATIVE DEFENSES

1. The Third Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff was contributorily negligent at all times and places alleged.

3. Plaintiff has failed to join necessary parties.

4. Plaintiff has failed to mitigate his damages.

5. Plaintiff's claims as set forth in the Third Amended Complaint are barred by the applicable Statute of Limitations, Statute of Repose, and/or Doctrine of Laches.

6. Any injuries or damages alleged to have been sustained by the Plaintiff were caused by the negligence of Plaintiff or the negligence and/or products of others, including, but not limited to his employers, independent contractors, unions, government agencies, Co-Defendants, their officers, agents, representatives and/or employees and others, whether such negligence is superseding, intervening or otherwise.

7. Upon information and belief that if the Plaintiff was ever exposed to, used or came into contact with any asbestos-containing products manufactured, sold or distributed by Owens-Illinois, such exposure, use or contact was de minimis and of such character and extent as to be totally and legally insignificant and non-causal.

8. The claims of the Plaintiff should be barred upon the grounds of public policy because the alleged injuries and damages are too remote and wholly out of proportion to any alleged negligence on the part of Owens-Illinois.

9. With respect to the manufacture, sale or distribution of asbestos-containing products by Owens-Illinois, at the time or times which activities occurred, were, upon information and belief, made in full compliance and conformity with then applicable industry and governmental standards in work, upon information and belief, reasonably safe, given the state of the art, specifically with regard to available medical information and further, that upon information and belief, the instructions and warnings provided in conjunction with the product manufactured, sold or distributed by Owens-Illinois, were then and from time to time in strict compliance with the standards, rules and regulations of the state of the art pertaining to asbestos-containing products.

10. Plaintiff's injuries, if found, may have been caused in whole or in part, by others' abuse, misuse and modification of alleged asbestos-containing products.

11. Plaintiff's claim for punitive damages is not permitted under Wisconsin law, is unconstitutional and/or may be subject to statutory limits.

12. Upon information and belief that Workers' compensation payments have been or will be made to Plaintiffs, pursuant to § 102.29, Stats., the employer's worker's compensation carrier is entitled to recover its statutory share of any settlement or judgment Plaintiffs obtains in this action, if any; if it is found that this Defendant is liable to Plaintiffs and that the employer(s) was causally negligent with respect to the worker's claimed injuries and damages, then the carrier or employer may recover from the Defendants sums to compensate for the negligence of the employer, which recovery is contrary to public policy and violates this Defendant's rights to

due process and equal protection under the Constitution of the United States and the Constitution of the State of Wisconsin; and if this Defendant is found liable to Plaintiffs' employers found to be causally negligent, then this Defendant is entitled to a credit against the Plaintiffs' judgment determined by subtracting from the total judgment the percentage equal to the percentage of negligence assessed against the employer.

13. Plaintiff has improperly joined separate claims.

14. Owens-Illinois did not manufacture, sell, or distribute those products with which the Plaintiff came into contact.

15. Plaintiff's claims may be barred by contract, release and accord and satisfaction.

16. Plaintiff's claims are barred by the sophisticated user doctrine as set forth in Haase v. Badger Mining Corporation, 266 Wis.2d 970, 669 N.W.2d 737 (Wis. App. 2003).

17. Owens-Illinois reserves the right to add additional affirmative defenses as may be discovered during the discovery and this action.

18. Plaintiff's claims are barred, in whole or in part, by the Court's previous orders.

Dated: November 25, 2014                    Respectfully submitted,

By: /s/ Brian O. Watson
Matthew J. Fischer
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 South Wacker Drive
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (*facsimile*)

*Attorney for Defendant*
*Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

    The undersigned certifies that on November 25, 2014, the foregoing was filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

                                        /s/  Brian O. Watson
                                        Brian O. Watson