IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILTON BOYER and KATHY BOYER,

                Plaintiffs,                OPINION AND ORDER

    v.

                                            14-cv-286-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, OWEN-ILLINOIS, CO.,

                Defendants.

---

RICHARD MASEPHOL,

                Plaintiffs,

    v.

                                            14-cv-186-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

                Defendants.

---

JANET PECHER, *Individually and as Special
Administrator on behalf of the Estate of Urban Pecher*,

                Plaintiffs,

    v.

                                            14-cv-147-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

                Defendants.

---

VIRGINIA PRUST, *Individually and as Special Administrator on behalf of the Estate of Valmore Prust*,

        Plaintiff,

v.

WEYERHAEUSER COMPANY, 3M COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, and OWENS-ILLINOIS INC.,

        Defendants.

14-cv-143-wmc

---

ROGER SEEHAFER and JANICE SEEHAFER,

        Plaintiffs,

v.

WEYERHAEUSER COMPANY and OWENS-ILLINOIS INC.,

        Defendants.

14-cv-161-wmc

---

WESLEY F. SYDOW and THERESA SYDOW,

        Plaintiffs,

v.

WEYERHAEUSER COMPANY, 3M COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, and OWENS-ILLINOIS INC.,

        Defendants.

14-cv-219-wmc

---

In the above-captioned asbestos cases, defendant Weyerhaeuser Company seeks to dismiss plaintiffs' negligent nuisance and intentional nuisance claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Weyerhaeuser asserts several bases for dismissal. For reasons articulated more fully below, the court will grant in part and deny in part

2

Weyerhaeuser's motions, finding that plaintiffs may bring their respective nuisance claims, but may not rely on the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, and regulations of the Environmental Protection Agency, including the National Emission Standards for Hazardous Air Pollutants, in establishing the applicable standard of care. In all other respects, defendant's motion is denied.

OPINION

In these six lawsuits, each plaintiff brings claims against Weyerhaeuser based on the release of asbestos fibers into the air in various non-employment settings. Based on these allegations, plaintiffs assert claims under Wisconsin state law for negligent and intentional nuisance, all of which appear to be premised on private and public nuisance theories. (*See* 2nd Am. Compl. ('186 dkt. #90-2) ¶ 106 (alleging breach of duty of care and negligent acts); ¶122 (alleging knowing, intentional and reckless acts), ¶¶ 98, 115 (public use); ¶¶ 99, 116 (private use).) Defendant Weyerhauser seeks dismissal of the claims by arguing that (1) the claims are preempted by the Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.*; (2) plaintiffs allege no interference with private land to support a private nuisance claim, whether negligent or intentional; and (3) plaintiffs' public nuisance claims do not meet the "special injury" requirement required on policy grounds.

I. Overview of Case Law Covering Nuisance Claims

In *Milwaukee Metropolitan Sewerage District*, 2005 WI 8, 277 Wis. 2d 635, 691 N.W.2d 658, the Wisconsin Supreme Court set forth in great detail the various legal

theories that fall within a "nuisance claim," as well as the required elements to proceed on such a claim. "The term 'nuisance' generally refers to the invasion of either an interest in the use and enjoyment of land or a common public right." *Id.* at ¶ 24. Accordingly, "[a] nuisance is nothing more than a particular type of harm suffered; liability depends upon the existence of underlying tortious acts that cause the harm." *Id.* at ¶ 25; *see also Physicians Plus Ins. Corp. v. Midwest Mut. Ins. Co.*, 2002 WI 80, ¶ 22 n.18, 254 Wis. 2d 77, 646 N.W.2d 777 ("[T]he injurious consequences resulting from the nuisance, rather than acts [that] produce the nuisance, constitute the cause of action." (quotation marks and citation omitted)). The first step, therefore, in any nuisance claim is to identify the particular harm suffered; in other words, the interference with a private interest in the use and enjoyment of land or with a public right. *Milwaukee Metro.*, 2005 WI 8, at ¶ 26.

Here, plaintiffs each allege private and public nuisance claims. "The essence of a private nuisance is an interference with the use and enjoyment of land." *Id.* at ¶ 27 (quoting W. Page Keeton *et al.*, *Prosser and Keeton on Torts* § 87 at 619 (5th Ed. Lawyers Ed. 1984)). Such a claim may be brought by "those who have property rights and privileges in respect to the use and enjoyment of the land affected." *Milwaukee Metro.*, 2005 WI 8, at ¶ 27 (internal citation and quotation marks omitted). A public nuisance, on the other hand, is a "condition or activity which substantially or unduly interferes with the use of a public place or with the activities of an entire community." *Id.* at ¶ 28 (quoting *Physicians Plus*, 2002 WI 80, at ¶ 21).

A nuisance claim may also be premised on intentional or negligent conduct. *Id.* at ¶ 33. Here, plaintiffs again allege both. In intentional nuisance claims, the Wisconsin Supreme Court explained in *Milwaukee Metropolitan Sewage District*, "the nuisance is created by the defendant." *Id*. at ¶ 33. For example "a tannery or a slaughter-house in the midst of a residential area" may be a nuisance, although liability "does not rest on the degree of care used [by the defendant] . . . but on the degree of danger existing even with the best of care." *Id.* (internal citation and quotation marks omitted). In contrast, a nuisance claim premised on negligent conduct involves "acts or conduct of the defendant [that] do not necessarily cause damage to others." *Id.* at ¶ 34. In negligence nuisance cases, "liability is predicated upon the defendant's failure to remove the harmful condition after he has notice of its existence." *Id.*

## II. CAA Preemption

In their respective complaints, plaintiffs cite liberally to the Environmental Protection Agency's ("EPA") National Emission Standards for Hazardous Air Pollutants ("NESHAPs"). (*See, e.g.*, 2nd Am. Compl. ('186 dkt. #90-2) ¶¶ 20-25, 106.h.) Focusing on these allegations, Weyerhaeuser contends that plaintiffs' state law claims are preempted by the CAA. Defendant is correct that the CAA is a federal regulatory scheme "in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Pac. Gas & Elec. Co. v. State Energy Res. Conversation & Dev. Comm'n*, 461 U.S. 190, 204 (1983). As such, the court agrees with defendant that plaintiffs cannot establish the standard of care owed by

reference to air quality standards set forth in the CAA or accompanying regulations. To allow plaintiffs to rely on these standards in proving state law claims would upend the federal statutory scheme. The court, therefore, will grant Weyerhaeuser's motion to dismiss to the extent that plaintiffs intend to rely on NESHAP or other regulatory standards under the CAA to prove negligent conduct under either a private or public nuisance claim.

At this stage, however, the court stops short of finding plaintiffs' nuisance claims preempted by the CAA altogether. Whether plaintiffs will be able to maintain these claims without reference to some set of standards is a question for another day.

## III. Argument Specific to Private Nuisance Claims

Weyerhaeuser specifically challenges plaintiffs' respective private nuisance claims on the basis that "[p]laintiffs have failed to plead any facts to support these allegations, including the identity of the affected property, how or when any property was purportedly contaminated, or how such contamination affected the use and enjoyment of any property." (Weyerhaeuser's Opening Br. ('186 dkt. #114) 11.) The opposite is true. The amended complaints allege asbestos contamination in private homes and automobiles, and allege that this private property was contaminated by asbestos fibers being released into the air from the plant and trucks hauling asbestos waste to the dump.

(*See, e.g.*, Masephol 2nd Am. Compl. ('186 dkt. #902) ¶¶ 19, 30-38.) These allegations are sufficient to meet the requirements of Rule 8.[1]

**IV. Arguments Specific to Public Nuisance Claims**

Weyerhaeuser further challenges plaintiffs' public nuisance claims for failing to allege a "special injury," as required under Wis. Stat. § 823.01. (Weyerhaeuser's Opening Br. ('186 dkt. #114) 12.) Specifically, Weyerhaeuser contends that plaintiffs simply allege adverse health effects, which is a "specific manifestation of a general, community injury," but is not a "special injury." (*Id.* at 14.)

In support of this argument, Weyerhaeuser points to the language of Wis. Stat. § 823.01, which governs jurisdiction over nuisance cases.

> Any person, county, city, village or town may maintain an action to recover damages or to abate a public nuisance from which injuries peculiar to the complainant are suffered, so far as necessary to protect the complainant's rights and to obtain an injunction to prevent the same.

In further support, Weyerhaeuser also cites to a footnote in *Physicians Plus*, a 2002 case previously cited above, in which the Wisconsin Supreme Court: (1) quotes certain language from a treatise, 2002 WI 80, at ¶ 21 n.17; (2) refers to the holding in an 1891

---

[1] Buried in its challenge to the adequacy of plaintiffs' private nuisance allegations, Weyerhaeuser also raises the issue of whether the six-year statute of limitations under Wis. Stat. § 893.52, governing actions to recover for damages to real or personal property, bars plaintiffs' claims. (Weyerhaeuser's Opening Br. ('186 dkt. #114) 11.) In its brief argument, defendant acknowledges that the statute is subject to the discovery rule. Plaintiffs fail to address this argument in their oppositions, but given that the argument was insufficiently developed in defendant's opening brief, and not maintained in its reply, any statute of limitations defense seems better suited for a motion for summary judgment.

Wisconsin Supreme Court case, *Zettel v. City of West Bend*, 79 Wis. 316, 319, 48 N.W. 379, 380 (1891), that a plaintiff did not suffer special damage from an obstructed highway; and (3) relies on cases from other jurisdictions (*see* Weyerhaeuser's Opening Br. (dkt. #114) 13-14).[2]

Tellingly, in the *Physicians Plus* case cited by plaintiffs, the court did *not* list this "special injury" element as part of a public nuisance claim, instead simply listing (1) the existence of a nuisance; (2) notice; and (3) causation. 2002 WI 80, at ¶ 2.[3] In the *Physicians Plus* case, the plaintiff brought a public nuisance claim against various government entities and the owners of property with tree branches, which allegedly obstructed a driver's view of a stop sign at a highway intersection. Plaintiffs were injured in a car accident, allegedly because the tree branches obstructed the stop sign. While the court did not address the issue of whether plaintiffs suffered a special injury, assuming such a requirement existed, the harm suffered due to the car accident apparently covered that requirement.

---

[2] In its reply brief, Weyerhaeuser also cites to a 2004 Wisconsin Court of Appeals case, but that case does not support its argument. In the language quoted by Weyerhaeuser, the court was discussing the causation requirement, not any "special injury" requirement. To the contrary, the court's full discussion supports plaintiff's position that the purpose of a public nuisance claim is to address "harm to the community or the general public," as compared to class action lawsuits focused on the "individual who may have suffered specific personal injury or specific property damage." *City of Milwaukee v. NL Indus., Inc.*, 2005 WI App 7, ¶ 15, 278 Wis. 2d 313, 691 N.W.2d 888.

[3] The *Physicians Plus* court also explained that public policy considerations are central to a public nuisance claim. 2002 WI 80, at ¶ 2 ("We also look to public policy considerations because we conclude that similar to liability for negligence, liability for maintaining a public nuisance can be limited on public policy grounds.").

If the facts in *Physicians Plus* establish the necessary special injury, so, too, do the facts alleged here. Each plaintiff alleges that he suffered or suffers from mesothelioma as a result of defendant's intentional and negligent nuisance. This injury is particular to the plaintiffs even though, under their theory of recovery, the public generally was impacted by Weyerhaeuser's release of asbestos fibers into the community. As far as this court can discern, the thrust of Wis. Stat. § 823.01 is to ensure that an individual has a personal stake in the outcome, rather than seeking damages for a broader community injury. "Where a nuisance claim is both private and public, as alleged in this case, each plaintiff can recover only the damages that are particular to him or her. Plaintiffs cannot recover damages for the cost of restoring property they do not own." *LaVake v. Zawistowski*, No. 02-C-0657-C, 203 WL 23095760, at *3 (W.D. Wis. Dec. 11, 2003) (citing *Mitchell Realty Co. v. City of West Allis*, 184 Wis. 352, 371-73, 199 N.W. 390 (1924); Wis. Stat. § 823.01). Plaintiffs' public nuisance claims will be similarly limited, but the court finds no basis for dismissing plaintiff's claims because they fail to plead an injury particular to them.

Finally, Weyerhaeuser urges dismissal of the public nuisance claims based on public policy factors. (Weyerhaeuser's Opening Br. (dkt. #114) 15 (citing *Physicians Plus*, 254 Wis. 2d at 111, 117 (listing six public policy factors courts should consider)).) While this argument may have merit, the court declines to consider it on the pleadings alone, finding that the court will benefit from a more robust record in weighing the public policy factors. Also, the court is concerned about judicial efficiency, since there will be no need to consider public policy if there is no finding of negligence. *See Alvarado*

*v. Sersch*, 2003 WI 55, ¶ 18, 262 Wis. 2d 74, 662 N.W.2d 350 ("In most cases, the better practice is to submit the case to the jury before determining whether the public policy considerations preclude liability.").

ORDER

IT IS ORDERED that defendant Weyerhaeuser Company's motions to dismiss in the following cases are GRANTED with respect to plaintiffs pursuing a nuisance claim premised on CAA regulations, including but not limited to NESHAPs, but in all other respects the motions listed by document number below are DENIED.

- *Boyer*, No. 14-cv-286 (dkt. #123)
- *Masephol*, No. 14-cv-186 (dkt. #113)
- *Pecher*, No. 14-cv-147 (dkt. #80)
- *Prust*, No. 14-cv-143 (dkt. #84)
- *Seehafer*, No. 14-cv-161 (dkt. #100)
- *Sydow*, No. 14-cv-219 (dkt. #101)

Entered this 2nd day of June, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge