IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILTON BOYER and KATHY BOYER,

                Plaintiffs,

  v.

WEYERHAEUSER COMPANY, 3M COMPANY,
and METROPOLITAN LIFE INSURANCE
COMPANY,

                Defendants.

ORDER

14-cv-286-wmc

------------------------------------------------------------------------------------------------------------------------

KATRINA MASEPHOL, *Individually and as Special Administrator on behalf of the Estate of Richard Masephol*,

                Plaintiff,

  v.

WEYERHAEUSER COMPANY, 3M COMPANY,
and METROPOLITAN LIFE INSURANCE
COMPANY,

                Defendants.

14-cv-186-wmc

------------------------------------------------------------------------------------------------------------------------

JANET PECHER, *Individually and as Special Administrator on behalf of the Estate of Urban Pecher*,

                Plaintiff,

  v.

WEYERHAEUSER COMPANY, 3M COMPANY,
and METROPOLITAN LIFE INSURANCE
COMPANY,

                Defendants.

14-cv-147-wmc

------------------------------------------------------------------------------------------------------------------------

THERESA SYDOW, *Individually and as Special Administrator on behalf of the Estate of Wesley F. Sydow*,

                      Plaintiff,

v.                                                     14-cv-219-wmc

WEYERHAEUSER COMPANY, 3M COMPANY, and METROPOLITAN LIFE INSURANCE COMPANY,

                      Defendants.

---

      Before the court are two motions by defendant 3M Company. In the first motion, 3M asks the court to revisit its order consolidating the four above-captioned cases for trial, seeking instead to proceed with four, non-bifurcated trials. ('286 dkt. #439; '186 dkt. #506; '147 dkt. #397; '219 dkt. #457.) To the extent the court determines to proceed with one consolidated trial, 3M's second motion requests that the court move that trial, currently scheduled for February 16, 2016, to a date no earlier than June 27, 2016. ('286 dkt. #435; '186 dkt. #502; '147 dkt. #393; '219 dkt. #453.)[1]

      While the court gives little weight to 3M's concerns about a jury considering individual issues within a consolidated trial, the court will nonetheless reconsider its decision to consolidate the four above-captioned trials in light of the fact that, at least for some of the plaintiffs, their claims against Weyerhaeuser are likely to survive summary judgment and, therefore, from the court's viewpoint, it may be overly complicated for a jury to consider the liability of multiple defendants to multiple plaintiffs, rather than

---

[1] 3M recently filed motions seeking leave to file attached replies in support of both motions. ('286 dkt. ##456, 458; '186 dkt. ##522, 524; '147 dkt. ##413, 415; '219 dkt. ##475, 477.) These motions are granted and the court has considered the replies in arriving at its decision here.

proceed with trials by individual plaintiff.² Accordingly, the court will reschedule the trials in *Boyer*, *Masephol*, *Pecher* and *Sydow* as detailed below.³

To the extent an individual plaintiff's claims against Weyerhaeuser survive summary judgment, then a jury will consider those claims along with any others asserted against 3M in one trial.⁴ As part of its summary judgment decisions, the court will also address whether the jury will be presented with claims on a bifurcated basis (some elements of liability in phase 1 with causation and damages in phase 2), or perhaps even a trifurcated basis (some elements of liability in phase 1, causation in phase 2, and damages in phase 3).

In its reply submission, 3M also raises some concern about a March date for any consolidated trial. Since July 10, 2014, however, the *Pecher* trial has been set for March 14, 2016. (7/10/14 Order ('147 dkt. #58).) As such, 3M's counsel -- or at least not all *three* trial counsel -- cannot credibly claim to be unavailable for the *Pecher* trial that week. Absent an extraordinary showing, therefore, the *Pecher* trial will proceed March 16, 2016. To the extent delays in discovery in *Pecher* referenced in 3M's reply may now jeopardize that trial date, the parties should expedite any further discovery to the extent they have not already done so, including plaintiff's production of requested social security records.

---

² Depending upon further developments in some of the pending cases, however, the curt may still consider consolidating the trials of two or more plaintiffs against a lone defendant.

³ In rescheduling the trials in the four above-captioned cases, the court will strike the current trial dates and related pretrial deadlines in *Prust*, No. 14-cv-143 and *Jacobs/Treutel*, No. 12-cv-899, altogether. Those dates will be rescheduled, if necessary, in the court's order on defendant Weyerhaeuser's motions for summary judgment.

⁴ The court expects to issue its summary judgment and *Daubert* decisions shortly, and certainly by the middle of January.

ORDER

IT IS ORDERED that:

1. 3M's motion for leave to file reply briefs ('286 dkt. #456, 458; '186 dkt. #522, 524; '147 dkt. #413, 415; '219 dkt. #475, 477) are GRANTED.

2. 3M's motions for separate trials and for non-bifurcated consideration of liability and damages ('286 dkt. #439; '186 dkt. #506; '147 dkt. #397; '219 dkt. #457) are GRANTED IN PART AND DENIED IN PART.

    a. *Pecher*, No. 14-cv-147:

        i. Trial date: March 16, 2016

        ii. Pretrial deadlines are governed by the Pretrial Conference Order entered in *Pecher* ('147 dkt. #58)

    b. *Boyer*, No. 14-cv-268

        i. Trial date: May 9, 2016

        ii. Pretrial deadlines are governed by the Pretrial Conference Order entered in *Prust* ('143 dkt. #61)

    c. *Sydow*, No. 14-cv-219

        i. Trial date: June 6, 2016

        ii. Pretrial deadlines are governed by the Pretrial Conference Order entered in *Sydow* ('219 dkt. #179)

    d. *Masephol*, No. 14-cv-186

        i. Trial date: July 11, 2016

        ii. Pretrial deadlines are governed by the Pretrial Conference Order entered in *Jacobs* ('899 dkt. #113)

3. 3M's motions to continue consolidated trial date ('286 dkt. #435; '186 dkt. #502; '147 dkt. #393; '219 dkt. #453) are DENIED AS MOOT.

Entered this 15th day of December, 2015.

                          BY THE COURT:

                          /s/
                          _____
                          WILLIAM M. CONLEY
                          District Judge