IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JANET PECHER, *Individually and as Special Administrator on behalf of the Estate of Urban Pecher*,

        Plaintiff,

v.

WEYERHAEUSER COMPANY,

        Defendant.

OPINION AND ORDER

14-cv-147-wmc

---

This case is set for trial commencing Monday, March 14, 2016. The court held a final pretrial conference on March 8, 2016, at which the parties appeared by counsel and plaintiff Janet Pecher appeared personally. The court made several rulings and set deadlines for additional filings during that hearing, which this order now formalizes.

ORDER

IT IS ORDERED that:

1) Plaintiff's sub-motions in limine No. 12 and 13 (dkt. #432) are GRANTED IN PART AND DENIED IN PART. Defendant is free to argue that plaintiff asserted claims against other entities based on in-plant exposure, but the details about those claims and the terms of any settlement of those claims are excluded.

2) Plaintiff's motion in limine to exclude evidence or testimony regarding workers' compensation claim (dkt. #433) is GRANTED IN PART AND DENIED IN PART. Defendant may describe generally the availability of worker's compensation for injuries arising out of Mr. Pecher's employment, but may not introduce any evidence regarding Mr. Pecher's claims, disposition of those claims or any benefits.

3) Plaintiff's motion to strike Verna Fohrman deposition designations by defendant (dkt. #473) is DENIED AS MOOT. The parties advised the court during the pretrial conference that neither side would be introducing deposition designations of Fohrman.

4) Plaintiff's motion for leave to take preservation depositions in lieu of trial testimony (dkt. #474) is DENIED. Both witnesses may, however, appear live by videoconference. Plaintiff is responsible for making the necessary arrangement for that testimony to take place in a secure, appropriate environment, as well as coordinate with the court's information technology department to ensure stable, robust two-way communication.

5) Defendant's motion in limine No. 4 (dkt. #448) is DENIED IN PART AND RESERVED IN PART. The court overrules any hearsay objection, but will reserve on authentication. On or before Wednesday, March 9, 2016, at 5:00 p.m., defendant may submit a brief identifying portions of the deposition that support its authentication challenge. Defendant may also further brief any specific hearsay challenge, if it so chooses. Plaintiff's response is due Thursday, March 10, 2016, at 5:00 p.m.

6) Defendant's motion in limine No. 5 (dkt. #448) is DENIED.

7) Defendant's motion in limine No. 14 (dkt. #448) is GRANTED IN PART AND DENIED IN PART. Barring a further showing outside the jury's presence, case studies and reports are excluded, though experts are free to testify about their reliance on case studies and reports in forming their opinions in this case. This ruling does *not* impact the introduction of any case studies or reports that were in *Weyerhaeuser's* possession to demonstrate knowledge of asbestos dangers. The court will take up challenges to those papers at Friday's telephonic conference, should objections to their admission remain.

8) Defendant may have until 5:00 p.m. on March 9, 2016, to brief any challenges to an expert's reliance on inadmissible evidence (relating to defendant's motion in limine no. 16). Plaintiff's response, if any, is due by 5:00 p.m. on March 10, 2016.

9) Plaintiff may have until 5:00 p.m. on March 9, 2016, to offer an alternative instruction describing factors relevant to the jury's determination of whether the public nuisance was a substantial factor in the causation section of the closing instructions, along with any legal support. Defendant's response, if any, is due by 5:00 p.m. on March 10, 2016.

10) Either side may have until 5:00 p.m. on March 10, 2016, to submit a brief on the appropriate burden of proof for plaintiff's intentional public nuisance claim.

11) Plaintiff may have until 5:00 p.m. on March 10, 2016, to submit a brief describing the specific evidence that was allegedly destroyed and the basis for submitting this instruction to the jury, including clear and convincing evidence

of defendant's actual or imputed knowledge that (1) litigation was a distinct possibility and (2) the destroyed evidence in its possession would be relevant to that dispute. Defendant may respond by 5:00 p.m. on March 14, 2016.

12) Plaintiff may have until 5:00 p.m. on March 10, 2016, to supplement or otherwise amend her expert's narratives. Defendant's response, if any, is due by 5:00 p.m. on March 11, 2016.

13) The court will hold a follow-up telephonic conference at 2:30 p.m. on Friday, March 11, 2016, to address remaining objections to exhibits and deposition designations. Plaintiff is responsible for setting up the call to Chambers at 608-264-5087. In advance of that conference, the parties' counsel are to meet and confer in a good faith effort to narrow the remaining objections in light of the court's rulings to date.

Entered this 9th day of March, 2016.

                            BY THE COURT:

                            /s/
                            _____
                            WILLIAM M. CONLEY
                            District Judge